UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE DANIEL GUERRERO BUENROSTRO,<br><br>Petitioner,<br>v.<br><br>BRUCE SCOTT, Warden Northwest ICE Processing Center,<br><br>Respondent. | CASE NO. 2:26-cv-04071-DGE<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on Petitioner Jose Daniel Guerrero Buenrostro's petition for writ of habeas corpus. (Dkt. No. 1.) Having considered the petition, the return memorandum (Dkt. No. 4), and all supporting materials, the Court GRANTS in part this petition.

## I. BACKGROUND

### A. Factual Background

Petitioner asks the Court to order his "release if appropriate under the law" and alternatively, to order a "custody review." (Dkt. 1 at 3.) Petitioner asserts that on July 27, 2026, an immigration judge ("IJ") concluded the immigration court lacked jurisdiction to consider his

"custody request" because the IJ classified him as an "arriving alien." (*Id.*) Petitioner challenges that decision. (*Id.*)

Petitioner is a native and citizen of Mexico. (Dkt. No. 1 at 6.) He last entered the United States on May 27, 2021, with his wife and two daughters. (*Id.* at 7.) It is unclear when Petitioner was released, but it appears the government issued and mailed to Petitioner a Notice to Appear ("NTA") on December 27, 2021. (*Id.*) On May 23, 2022, Petitioner filed an Application for Asylum and for Withholding of Removal with United States Citizenship and Immigration Services ("USCIS"). (*Id.*) An IJ terminated Petitioner's removal proceedings on June 13, 2023. (*Id.*)[1] After termination of his removal proceedings, Petitioner remained at liberty until June 29, 2026. (*Id.*) Petitioner apparently was subject to reporting requirements as Petitioner reported to Immigration and Customs Enforcement's Portland office for a "rescheduled report date with the non-detained unit," which is when he was taken into custody. (*Id.*)

USCIS issued Petitioner a new NTA on March 19, 2026. (*Id.*) He has one conviction for driving under the influence on March 10, 2025. (*Id.*)

On July 27, 2026, an IJ Theresa Scala denied Petitioner release on bond concluding that he was an "arriving alien" under 8 U.S.C. 1225 and otherwise subject to mandatory detention. (*Id.* at 11.) Petitioner has appealed this determination with the Board of Immigration Appeals ("BIA") and such appeal remains pending. (*Id.* at 13.)

In response to Petitioner's petition, the government argues he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and that Petitioner has otherwise failed to state a basis for habeas relief.

---

[1] The I-213 states, "USCIS records indicates the subject's proceedings were dismissed/terminated by an Immigration Judge." (*Id.*) It is not clear whether USCIS ever decided Petitioner's asylum application and whether such application remains pending.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241). Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'" *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

## III. ANALYSIS

### A. Petitioner States a Claim

"A document filed pro se is to be liberally construed, and a pro se complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). When ruling on a challenge that a petitioner fails to state a claim, a court must accept "all factual allegations in the complaint as true and construe the pleadings in the light most favorably to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *Capp v. Cty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019). But the allegations "must 'plausibly give rise to an entitlement to relief." *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In assessing whether a claim for relief has been stated,

documents attached to a petition may be considered if their authenticity is not contested. *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009).

Here, Petitioner filed an immigration habeas petition that attaches documents outlining his immigration history. (Dkt. No. 1.) Petitioner asks the Court to review "whether [his] continued detention is lawful" at the NWIPC. (*Id*. at 3.) Petitioner identifies that an IJ determined he was ineligible for release and classified him as an "arriving alien." (*Id*. at 3.) He further identifies he disagrees with that conclusion and asks the Court to order his release or a new bond hearing. (*Id*.)

Liberally construing these factual allegations in the context of an immigration habeas petition, Petitioner asserts that he is entitled to release or a bond hearing and that his continued detention is unlawful because he is not an arriving alien. Admittedly, the petition leaves much to be desired by not identifying legal citations in support of release, but considering that Petitioner is pro se, detained, has little to no access to legal resources, and that English likely is not his first language, the Court concludes Petitioner adequately asserts his right to challenge the legal basis supporting his detention. The Court finds Petitioner has sufficiently asserted he is being unlawfully detained because he is not an arriving alien and otherwise not subject to mandatory detention.[2]

**B. Petitioner is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)**

The government asserts Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii). (Dkt. No. 5 at 2.) § 1225 applies to "applicants for admission" to the United States, who are defined as noncitizens "present in the United States who ha[ve] not been

---

[2] The Court limits its review to the claim that Petitioner is not an arriving alien based on the sparse arguments made in the Petition.

admitted or who arrive[] in the United States . . . ." 8 U.S.C. § 1225(a)(1). Applicants for admission fall into two categories. *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). § 1225(b)(1) applies to individuals initially determined to be inadmissible due to fraud, misrepresentation, or a lack of valid documentation. On the other hand, § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by" § 1225(b)(1). *Jennings*, 583 U.S. at 287. Noncitizens falling within § 1225(b) are subject to mandatory detention. *See* 8 U.S.C. § 1225(b)(1)(B) and § 1225(b)(2)(A). The provision of § 1225(b) that the government argues Petitioner is detained under, § 1225(b)(1)(B)(ii), applies to noncitizens who an immigration officer has determined have a credible fear of persecution and requires they "shall be detained for further consideration of the application of asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). Individuals detained under § 1225 can only be paroled into the United States "'for urgent humanitarian reasons or significant public benefit.'" *Jennings*, 583 U.S. at 300 (quoting 8 U.S.C. § 1182(d)(5)(A)).

In contrast, 8 U.S.C. § 1226(a) is broader than its counterpart and is the "default rule" for noncitizens present in the United States who are arrested and placed in immigration detention *Jennings*, 583 U.S. at 303. Section 1226(a) permits the government to release a detainee on bond during the pendency of the detainee's removal proceedings. *Id.*

Petitioner establishes he is not an arriving alien subject to mandatory detention under 8 U.S.C. § 1225. Undeniably, the government allowed Petitioner into the United States in 2021, whether on parole or some other status. He was then placed in removal proceedings after an NTA was mailed to him. He remained at liberty during that period. Later, those removal proceedings were terminated, and he continued to remain at liberty. The government fails to identify a statute or regulation, and offer no documentation, to support the conclusion that

Petitioner can be classified as an arriving alien under § 1225 upon the issuance of a new NTA where approximately three years prior it terminated previous removal proceedings and allowed Petitioner to remain at liberty.

Based on the record, the Court finds Petitioner is not subject to mandatory detention under § 1225 and is entitled to a bond hearing.

## IV. ORDER

Accordingly, the Court GRANTS in part Petitioner's writ of habeas corpus (Dkt. No. 1) and ORDERS:

1. The government must provide Petitioner a post-deprivation bond hearing within **FOURTEEN (14) days** of the date of this order unless Petitioner requests more time. This hearing must be conducted by an immigration judge where the government will bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community, and that no alternatives to detention would mitigate those risks. The hearing shall be recorded.
2. If the hearing is not held as required by this order, the government MUST immediately release Petitioner under appropriate conditions of supervision.
3. The government shall file a joint status report within **SEVEN (7) days** after the hearing deadline confirming whether Petitioner received a hearing as ordered above, and reporting whether he has been released.
4. Petitioner's request for immediate release is otherwise DENIED.

Dated this 24th day of November, 2026.

David G. Estudillo

United States District Judge